**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMMAD A. MAZED, an individual, | No. 11-56647 |
| Plaintiff - Appellant, | D.C. No. 8:11-cv-00814-JST-MLG |
| v. | |
| JP MORGAN CHASE BANK, N.A.; CALIFORNIA RECONVEYANCE COMPANY, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine Staton Tucker, District Judge, Presiding

Submitted March 9, 2012[**]
Pasadena, California

Before: PREGERSON, GOULD, and TALLMAN, Circuit Judges.

Mazed requested and was granted a preliminary injunction enjoining the

foreclosure of his home. He now appeals the district court's order that he pay

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

monthly rent to JP Morgan Chase Bank in the amount of $2016.50 for the duration of the injunction and the order that all parties participate in Loan Modification Settlement Proceedings.

We review the district court's decision as to the amount of the security bond for an abuse of discretion and we affirm. *See Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009); Fed. R. Civ. Pro. 65(c). Before setting the amount of the security bond, the district court considered both parties' arguments and evidence regarding the potential financial ramifications of issuing a preliminary injunction. The amount the district court ordered Mazed to pay is the same $2016.50 monthly mortgage payment provided for in the loan modification program the parties previously negotiated. This amount is less than the monthly rent of $5875.60 requested by appellees. The district court did not abuse its discretion by determining that $2016.50 in monthly rent adequately balances the potential harm to appellees from delayed foreclosure with the risk that the preliminary injunction was wrongfully entered. *See W.R. Grace & Co. v. Local 729, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers*, 461 U.S. 757, 770 n.14 (1983); *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 730 (9th Cir. 1999).

Mazed also argues the district court abused its discretion by ordering the parties to participate in settlement discussions because appellee-Chase has no

2

standing to collect mortgage payments, negotiate a modification of the mortgage, or bring foreclosure proceedings. We review the district court's decision regarding management of litigation for abuse of discretion. *Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008). In granting the preliminary injunction, the district court acknowledged that serious questions remain as to the interest of appellees. At this stage in the litigation, however, it was not an abuse of discretion for the district court to require the parties to participate in settlement discussions that might result in a favorable resolution for all parties.

**AFFIRMED.**